**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERIK LAURANT,<br><br>   Plaintiff,<br><br>vs.<br><br>NADIYAH SPENCER AND PAUL S. MAO,<br><br>   Defendants. | Civil Action No. 2:23-cv-00296-BRM-ESK<br><br>Civil Action |

**BRIEF IN SUPPORT OF DEFENDANTS, NADIYAH SPENCER AND PAUL S. MAO'S NOTICE OF MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

                Cheyne R. Scott, Esq. (022502011)
                Chasan Lamparello Mallon & Cappuzzo, PC
                300 Lighting Way, Suite 200
                Secaucus, New Jersey  07094
                cscott@chasanlaw.com
                (201) 348-6000
                Attorneys for Defendants, Nadiyah Spencer and Paul S. Mao

Of Counsel and On the Brief:
Cheyne R. Scott, Esq. (022502011)

On the Brief:
Catherine R. Salerno (402292022)

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 2

LEGAL STANDARD ........................................................................................................... 2

POINT I ................................................................................................................................. 3

PLAINTIFF'S FRAUD, UNJUST ENRICHMENT AND BREACH OF CONTRACT CLAIMS ARE PREEMPTED BY FEDERAL COPYRIGHT LAW ................................................................................................................................. 3

POINT II ................................................................................................................................ 6

THE COMPLAINT IS IMPROPERLY FILED AGAINST INDIVIDUAL DEFENDANTS AS THERE IS NO BASIS FOR PIERCING THE CORPORATE VEIL. ........................................................................................................ 6

CONCLUSION ..................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal,
 556 U.S. 662 (2009) ........................................................................................... 3

Bell Atl. Corp. v. Twombly,
 550 U.S. 544 (2007) ........................................................................................... 3

Curtiss-Wright Corp. v. Rodney Hunt Co.,
 1 F. Supp. 3d 277 (D.N.J. 2014) ........................................................................ 3

Fowler v. UPMC Shadyside,
 578 F.3d 203 (3d Cir. 2009) .............................................................................. 3

Linus Holding Corp. v. Mark Line Indus., LLC,
 376 F. Supp. 3d 417 (D.N.J. 2019) ................................................................ 6, 7

Mall at IV Group Props., LLC v. Roberts,
 No. 02-4692 (WHW),
 2005 U.S. Dist. LEXIS 31860 (D.N.J. 2005) .................................................... 7

Phillips v. Cty. of Allegheny,
 515 F.3d 224 (3d Cir. 2008) .............................................................................. 3

Scheuer v. Rhodes,
 416 U.S. 232 (1974) ........................................................................................... 3

State Capital Title & Abstract Co. v. Pappas Bus. Servs., LLC,
 646 F. Supp. 2d 668 (D.N.J. 2009) .................................................................... 6

State Dep't. of Env't Prot. v. Ventron Corp.,
 94 N.J. 473 (1983) .............................................................................................. 6

Tung v. Briant Park Homes, Inc.,
 287 N.J. Super. 232 (App. Div. 1996) ............................................................... 6

Video Pipeline, Inc. v. Buena Vista Home Ent., Inc.,
 210 F. Supp. 2d 552 (D.N.J. 2002) ................................................................ 4, 5

**Statutes and Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................... 1, 2, 8

Fed. R. Civ. P. 8(a)(2) ....................................................................................... 3

**Constitutional Provisions**

17 U.S.C. § 101 .................................................................................................................. 2

17 U.S.C. § 102(a) ............................................................................................................ 4

17 U.S.C. § 301(a) ......................................................................................................... 1, 4

28 U.S.C. §§ 1331 and 1441 ............................................................................................. 1

## PRELIMINARY STATEMENT

Defendants Nadiyah Spencer and Paul Mao (hereinafter referred to as "Defendants") respectfully submit this Brief in support of their Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6).

By way of background, on September 19, 2022, Plaintiff Erik Laurant ("Plaintiff") filed a nine-count Complaint against Defendants in the Superior Court of New Jersey, Law Division, Union County under Docket Number UNN-L-2727-22. (See, ECF Document 1, Exhibit B) (hereinafter the "Complaint")

Defendants' Notice of Removal (See, ECF Document 1, Exhibit A) was filed on January 19, 2023, stating the basis of removal under 28 U.S.C. §§ 1331 and 1441 et seq.

Following a Text Order filed by the Honorable Edward S. Kiel, U.S.M.J. on January 23, 2023, Defendants submitted a brief showing cause why removal of this case was proper as the claims arise under the Copyright Act, 17 U.S.C. § 301(a). Following a telephonic conference call on February 28, 2023, Judge Kiel ordered that Defendants were granted leave to file an answer or otherwise move as to the Complaint. (See, ECF Document 8)

As will be set forth in length herein, Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted because 1) Plaintiff's Complaint is preempted by the Copyright Act, 17 U.S.C. § 301(a); and 2) Defendants must be dismissed as improper parties due to Plaintiff's failure to demonstrate a piercing of the corporate veil.

## STATEMENT OF FACTS

In Count One of the Complaint, Plaintiff seeks injunctive relief to compel Defendants to Cease and Desist from the sale of products based on Plaintiff's art and designs. (Complaint, ¶¶ 24-25)

Plaintiff claims in Count Two that Defendants fraudulently induced and convinced Plaintiff to engage in business to obtain the use of his art and designs and are currently making use of and selling products based on the art and designs. (Complaint, ¶¶ 25-29) Plaintiff further asserts in Count Two that Defendants made false representations to defraud Plaintiff to obtain his knowledge and expertise and to use his art and designs. (Complaint, ¶¶ 27-28)

In Count Three, Plaintiff alleges Defendants acted fraudulently to obtain the use of Plaintiff's art and designs to their own benefit. (Complaint, ¶¶ 30-33) The entitlement to the aforementioned art and designs is based on purported ownership of a copyright, therefore relief can only be granted under the United States Copyright Act, 17 U.S.C. § 101 et seq. (the "Act"). Plaintiff alleges in his Complaint that his "Art/Designs" include "the copyrighted Group of Unpublished Works of Plaintiff." (Complaint, ¶ 13).

Counts Four through Nine of the Complaint set forth contractual claims under New Jersey Law. The Complaint must be dismissed in its entirety for the reasons set forth herein.

## LEGAL STANDARD

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the

complaint, the plaintiff may be entitled to relief." Curtiss-Wright Corp. v. Rodney Hunt Co., 1 F. Supp. 3d 277 (D.N.J. 2014) (quoting Phillips v. Cty. of Allegheny, 515 F.3d 224 (3d Cir. 2008)). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court should dismiss the complaint where the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

In Fowler v. UPMC Shadyside, the Third Circuit provided a two-part analysis for District Courts to consider a motion to dismiss. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court should separate the factual and legal elements of a claim. Id. It "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Id. at 210-11. Second, it determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoting Iqbal, 556 U.S. at 679). The "complaint must do more than allege the plaintiff's entitlement to relief." Curtiss-Wright, 515 F.3d at 283.

The Court asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 583 (2007) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Thus, the Court should grant the motion where the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

### POINT I

**PLAINTIFF'S FRAUD, UNJUST ENRICHMENT AND BREACH OF CONTRACT CLAIMS ARE PREEMPTED BY FEDERAL COPYRIGHT LAW.**

The Act preempts state law causes of action. The Act's preemption provision provides that "rights that are equivalent to any of the exclusive rights within the general

scope of copyright … in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright ... are governed exclusively by this title." 17 U.S.C. § 301(a). There is a two-step analysis to determine whether a state claim is preempted. Video Pipeline, Inc. v. Buena Vista Home Ent., Inc., 210 F. Supp. 2d 552, 563-64 (D.N.J. 2002). First is the subject matter requirement, whereby the Court determines whether the Act protects the type of work at issue. Id. at 563. Second is the general scope requirement, where the Court analyzes whether the state law at issue creates the same rights that the Act protects. Id. at 563-64. Where the state law cause of action requires an additional element the copyright claim does not require, there is no preemption. Id. at 564.

There is no question, under the first prong of the preemption analysis, the work at issue is protected by copyright. The Act provides that the following categories of fixed works are protectable:

(1) literary works;
(2) musical works, including any accompanying words;
(3) dramatic works, including any accompanying music;
(4) pantomimes and choreographic works;
(5) pictorial, graphic, and sculptural works;
(6) motion pictures and other audiovisual works;
(7) sound recordings; and
(8) architectural works.

17 U.S.C. § 102(a). Plaintiff alleges that he "holds a Copyright for certain unique pictorial designs, graphic works and unpublished works." (Complaint, ¶ 5) Accordingly, said works fall directly within the fifth category of "pictorial, graphic, and sculptural works." The first prong of the analysis is satisfied. (Complaint, ¶ 5)

The second step of the analysis requires dissecting Plaintiff's individual state claims. First, Plaintiff alleges Defendants acted fraudulently to obtain Plaintiff's

knowledge, expertise and the use of his designs.  (Complaint, ¶ 26, 31) A state law claim is not preempted where a plaintiff alleges a right that is not protected under the Act. Video Pipeline, Inc., 210 F. Supp. 2d at 567. However, where the allegations for the state law cause of action are duplicative of the allegations for the copyright infringement claim, the former is preempted. Id. at 564.

Here, Plaintiff alleges that Defendants committed fraud, stating that "Defendants are currently making use of, selling products based on Plaintiff's Art/Designs and profiting from Plaintiff's Art/Designs without any compensation to Plaintiff." (Complaint, ¶ 26) This allegation is based on a copyright claim because it narrowly focuses on Defendants' use of designs.  Therefore, Plaintiff's claims for fraud are preempted by the Act.

Next, Plaintiff claims Defendants' fraudulent actions caused Defendants to be unjustly enriched. (Complaint, ¶ 40, 41) Federal courts have held that the Act preempts unjust enrichment claims. Video Pipeline, Inc., 210 F. Supp. 2d at 567. Although the Complaint does not specify how Defendants were unjustly enriched, the only reasonable inference is that they were allegedly enriched through use of certain designs. This allegation rests on the notion that said designs belong to Plaintiff and are protected by copyright law. Thus, Plaintiff's claim for unjust enrichment is preempted.

Additionally, Plaintiff alleges that Defendants breached their contract. (Complaint, ¶¶ 48-51) Here, Plaintiff argues that Defendants breached the contract by using Plaintiff's works. (Complaint ¶ 49, 51) This is clearly a copyright claim and is preempted. Thus, without further information, it appears the fraud, unjust enrichment and breach of contract claims are preempted by the Act.

5

## POINT II

## THE COMPLAINT IS IMPROPERLY FILED AGAINST INDIVIDUAL DEFENDANTS AS THERE IS NO BASIS FOR PIERCING THE CORPORATE VEIL.

Plaintiff improperly filed this action against Defendants Nadiyah Spencer and Paul Mao and failed to join Pen Holdings Group, LLC as a party in the action. Plaintiff cannot demonstrate why the Court should disregard the corporate entity. Therefore, the Complaint should be dismissed as to Spencer and Mao.

It is well accepted in New Jersey that "a corporation is a separate entity from its shareholders, and that a primary reason for incorporation is the insulation of shareholders from the liabilities of the corporate enterprise." Linus Holding Corp. v. Mark Line Indus., LLC, 376 F. Supp. 3d 417, 424-25 (D.N.J. 2019) (quoting State Dep't. of Env't Prot. v. Ventron Corp., 94 N.J. 473, 500 (1983)). The doctrine of piercing the corporate veil does not impose liability *per se*. Id. at 425. It is "an equitable remedy designed to remedy a fundamental unfairness perpetrated under the guise of the corporate form." Id.

The Court will not pierce the corporate veil absent "fraud, injustice, or the like." State Dep't of Env't Prot., 94 N.J. at 500. The burden is on the party seeking to invoke the doctrine to show the Court should disregard the corporate entity. Linus Holding Corp., 376 F. Supp. 3d at 425 (citing Tung v. Briant Park Homes, Inc., 287 N.J. Super. 232, 240 (App. Div. 1996)). There are two elements required to pierce the corporate veil. Id. "First, there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist. Second, the circumstances must indicate that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." State Capital Title & Abstract Co. v. Pappas Bus. Servs., LLC, 646 F. Supp. 2d 668, 679 (D.N.J. 2009).

The Court applies six non-binding factors to analyze the first element:

> [1] gross undercapitalization ...; [2] the failure to observe corporate formalities, non-payment of dividends, [3] the insolvency of the debtor corporation at the time, [4] siphoning of funds of the corporation by the dominant stockholder, [5] nonfunctioning of other officers or directors, absence of corporate records, and [6] the fact that the corporation is merely a facade for the operations of the dominant stockholder or stockholders.

Linus Holding Corp., 376 F. Supp. 3d at 425.

The second element requires the plaintiff to prove that the defendants perpetrated "a fraud, injustice, or the like" rather than to show common law fraud. Id. (quoting Mall at IV Group Props., LLC v. Roberts, No. 02-4692 (WHW), 2005 U.S. Dist. LEXIS 31860 (D.N.J. 2005) at *3).

In Linus Holding Corp., the District Court held that the plaintiff failed to adequately allege a plausible basis to pierce the corporate veil. Id. at 429. The Court found that the plaintiff did not allege specific facts to show how each individual defendant controlled or dominated the corporation to assume a separate corporate identity. Id. at 426. The plaintiff failed to show that the corporation was inadequately capitalized at inception. Id. The Court also found that the plaintiff failed to sufficiently allege that the corporation operated as a sham or dummy corporation. Id. There was no basis to the claim that the defendants' misuse of funds showed a failure to adhere to corporate formalities. Id. at 428.

Here, Plaintiff provides no basis for the Court to invoke the doctrine of piercing the corporate veil. He did not plead any facts in the Complaint to show that a unity of interest and ownership exists and that it would be unjust to treat Pen Holdings Group LLC separately from Defendants. Plaintiff failed to join Pen Holdings Group LLC to the cause

7

of action, yet he challenges the entity's conduct throughout the Complaint. Defendants acted as members of Pen Holdings Group LLC, and any allegations concerning their actions constitute actions of the limited liability corporation. Therefore, there is no basis to pierce the corporate veil and avail Defendants to liability.

## CONCLUSION

For the forgoing reasons, Defendants respectfully submit that their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted and Plaintiff's Complaint should be dismissed.

                          Chasan Lamparello Mallon & Cappuzzo, PC
                          Attorneys for Defendants

                          By: */s/ Cheyne R. Scott*
                                Cheyne R. Scott

Dated: March 24, 2023